# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**PERCY D. BROWN**                                                              **PLAINTIFF**

**v.**                                                   **CIVIL ACTION NO. 3:09CV-P653-M**

**DENNY BUTLER et al.**                                          **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Percy D. Brown, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff, a pretrial detainee, sues Louisville Metro Police Department (LMPD) homicide detectives Denny Butler and Kriston Downs; LMPD probation and parole officer Mitchell Blum; Assistant Commonwealth's Attorney Erin White; and Commonwealth's Attorney R. David Stengel in their individual and official capacities. He states that on December 9, 2008, Defendants devised a scheme to have Plaintiff indicted and maliciously prosecuted for a February 2004 murder. He alleges that Defendants Butler and Downs filed false police reports. He further alleges that Defendants Butler and Downs told two individuals of all the details of the crime necessary to implicate Plaintiff. Plaintiff alleges that on December 15, 2008, he was falsely arrested by Defendants Butler and Downs for the murder. He states that Defendant Downs gave false testimony before the grand jury resulting in the indictment against Plaintiff. He states that he wishes to bring claims under sections 1981, 1983, and 1988 of malicious prosecution, fabricating evidence, manufacturing probable cause, wrongful investigation,

conspiracy, withholding exculpatory evidence, negligent and intentional infliction of emotional distress, due process violations, false imprisonment and outrageous government conduct. As relief, Plaintiff wants monetary and punitive damages, as well as injunctive relief.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

***Claims against State Defendants***

Plaintiff sues two Commonwealth's Attorneys, Defendants White and Stengel. Plaintiff's claims against these prosecutorial defendants are barred. In broad terms, Plaintiff's claims against the prosecutorial defendants relate to their conduct in their role as advocates. To the extent the prosecutorial defendants were acting in their roles as advocates, *i.e.*, initiating and pursuing a criminal prosecution and presenting the Commonwealth of Kentucky's case, they enjoy absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *see*

2

*also Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury). Moreover, federal courts have no general power to compel action by state officers in the performance of their duties. *More v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973) (per curiam); *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970). Therefore, Plaintiff's claims against Defendants White and Stengel will be dismissed for failure to state a claim.

*__Official-capacity claims against Louisville Metro Defendants__*

If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, Plaintiff's claims against the employees of Louisville Metro, *i.e.*, Defendants Butler, Downs, and Blum, in their official capacities are actually brought against the Louisville Metro government. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original);

*Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Plaintiff does not allege the existence of a policy or custom on the part of the Louisville Metro Defendants resulting in the alleged constitutional violations. The incident alleged in the complaint appears to be a one-time occurrence. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated

4

event for which the county is not responsible."). Consequently, the official-capacity claims against Defendants Butler, Downs, and Blum will be dismissed for failure to state a claim.

*Younger* **abstention**

Plaintiff's claims against the Louisville Metro Defendants in their individual capacities also must be dismissed. The Supreme Court made clear in *Younger v. Harris*, 401 U.S. 37 (1971), that "a federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate irreparable injury." *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996) (citing *Younger*). "*Younger* abstention in civil cases requires the satisfaction of three elements. Federal courts should abstain when (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir. 1997).

According to the complaint, Plaintiff has a pending criminal case against him in state court. The state has an important interest in adjudicating that criminal case. In light of the available avenues through which to raise a constitutional challenge, this Court will not interfere with an on-going Kentucky state court proceeding. While federal court relief might be a possibility in the future should state court remedies prove unavailable, Plaintiff has failed to show that the state courts are unable to protect his interests at this time.

The record therefore indicates that *Younger* abstention is appropriate with respect to Plaintiff's constitutional and federal law claims against the Louisville Metro Defendants in their individual capacity. *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001) (*Younger* abstention counsels federal court to refrain from adjudicating matter otherwise

5

properly before it in deference to ongoing state criminal proceedings). Where *Younger* abstention is appropriate, it requires dismissal of those claims without prejudice. *Zalman v. Armstrong*, 802 F.2d 199, 207 n.11 (6th Cir. 1986).

*State-law claims*

Because Plaintiff's federal law claims will be dismissed, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3). Those claims will be dismissed without prejudice.

### III. CONCLUSION

The Court will enter a separate Order dismissing the federal official-capacity claims against Defendants Butler, Downs, and Blum and all of the claims against Defendants White and Stengel with prejudice. The Court also will dismiss the individual-capacity claims against Defendants Butler, Downs, and Blum and the state-law claims without prejudice.

Date:

cc: Plaintiff, *pro se*
 Defendants
 Jefferson County Attorney
4414.009